IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DOROTHY ELIZABETH LEWIS, | Case No.: 3:26-cv-00505-AN |
| Appellant, | |
| v. | OPINION AND ORDER |
| WELLS FARGO BANK, NA, as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificate, Series 2007-OSI; EMILIE K. EDLING; and ALTISOURCE, as Trustee's Contractor, William B. Shepro, CEO and Director, | |
| Appellees. | |

Appellant Dorothy Elizabeth Lewis, who is self-represented and thus proceeding pro se, moves for a temporary restraining order ("TRO") preventing the Bankruptcy Court from conducting a hearing in the underlying bankruptcy proceeding.  The Court finds that oral argument will not help resolve this matter. *See* Local R. 7-1(d).  For the reasons stated below, appellant's motion is DENIED.

**LEGAL STANDARD**

TROs are subject to substantially the same factors as preliminary injunctions.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Generally, a party seeking a TRO must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the party; and (4) an injunction is in the public interest. *Id.* at 20-22.  In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th

1

Cir. 2011).

## BACKGROUND

This bankruptcy appeal, from Case No. 25-32688-thp13, arises out of a foreclosure lawsuit. *See* TRO Mot., ECF 3, at 4, 8 (all references to ECF pagination). On January 7, 2026, the Bankruptcy Court set deadlines for the parties to file motions for summary judgment. *Id.* at 7, 36. The Bankruptcy Court set a February 5, 2026 deadline for the parties to file motions for summary judgment; a March 19, 2026 deadline for the parties to file responses to any motions for summary judgment; and an April 2, 2026 deadline for the parties to file any replies. *Id.* at 7. The Bankruptcy Court also set a hearing on the motions for April 9, 2026, at 1:00 p.m. *Id.* On February 5, appellant sought clarification regarding the scheduling order. *Id.* at 36. The Bankruptcy Court responded the next day, stating that it would not consider any motions for summary judgment filed after the February 5 deadline. *Id.* Appellees Wells Fargo Bank, NA ("Wells Fargo") and Altisource timely moved for summary judgment. *See id.* at 39-40, 50. Appellant did not file a motion for summary judgment and did not file a response to appellants' motion for summary judgment. *See id.* at 39.

On February 20, appellant filed a request for reconsideration of the Bankruptcy Court's orders setting and clarifying the briefing schedule. *Id.* at 8. The Bankruptcy Court denied the motion under Federal Rule of Civil Procedure 59(e). *Id.* at 9. Beyond reconsideration of the scheduling order, appellant's motion also sought a transcript from the January 7 hearing. *Id.* The Bankruptcy Court explained how appellant could order the hearing transcript via the Bankruptcy Court's website. *Id.*

On March 13, appellant initiated this appeal, arguing that she had not been provided with a transcript of the January 7 hearing and that appellees "unduly influenced the dates set by" the Bankruptcy Court. Not. of Appeal, ECF 1, at 3. She argues that her "ability to adequately defend" against appellee's motion for summary judgment is "being prejudiced." *Id.*

On March 17, appellant moved the Bankruptcy Court to stay the action pending appeal. TRO Mot. 35. On March 18, the Bankruptcy Court denied the motion, finding, in relevant part, that appellant had not shown a likelihood of success on the merits or that she would be irreparably harmed absent a stay. *Id.* at

2

36-37.  The Bankruptcy Court further explained that while appellant had missed the deadline to file her own motion for summary judgment, she still had the opportunity to respond to appellee's motion and to be heard during the April 9 hearing.  *Id.* at 37.  On April 7, appellant filed the instant motion for TRO.

## DISCUSSION

Appellant asks this Court to stay the April 9 hearing and to block the Bankruptcy Court from "accomodat[ing] any workaround to the April 9, 2026, hearing."  TRO Mot. 1.  Appellant's motion for a TRO is denied because she has failed to establish any of the *Winter* factors.

*Likelihood of Success on the Merits.*  First, appellant has not shown a likelihood of success on the merits of her underlying appeal. Appellant argues that she should be allowed to file an untimely summary judgment motion because she was treated unfairly as a pro se litigant and was confused about the briefing process for cross-motions for summary judgment. [1]  *Id.* at 2-3.  While courts must construe pro se pleadings liberally, pro se litigants are still required to follow the rules and abide by the court's orders.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (affirming dismissal where pro se litigant did not follow the rules of procedure).  And while the cross-motion procedure can be confusing, appellant sought and received clarification about the filing procedure and deadlines here.  *See* TRO Mot. 36.  Nothing in the record shows that she was treated unfairly or was misguided by the Bankruptcy Court.  Instead, appellant's filings show that she decided not to pursue summary judgment after the Bankruptcy Court set the briefing schedule.  *Id.* at 3.  Only after receiving appellee's motion did appellant change her mind and decide she would like to file one of her own.  *See id.*  The Bankruptcy Court has no obligation to change its order because appellant changed her mind.

*Irreparable Harm.*  Second, appellant has not shown that she will suffer irreparable harm if the hearing moves forward as scheduled.  Indeed, the hearing will provide appellant an opportunity to argue her position on appellant's motion.  That opportunity will not cause appellant any irreparable harm.

---

[1] Appellant's motion additionally contains numerous references to the Holy Spirit, the Gospel, and various world events unrelated to the bankruptcy proceeding. *See, e.g., id.* at 1-2 (mentioning the Iran war, COVID, and Lance Armstrong, and arguing, for example, "that the HOLY SPIRIT . . . show[ed] [plaintiff] that [she] was prejudiced" (capitalization in original)).

***Balance of Equities.***   Third, the balance of equities do not tilt in appellant's favor.  Appellant decided not to file a motion for summary judgment before the February 5 deadline.  Appellees chose otherwise.  It would prejudice appellees to prevent their timely filed motion from being heard.  Appellant will suffer no such prejudice.

***Public Interest Factors.***   Fourth and finally, appellant has not shown that the public interest favors injunctive relief.  Courts have an inherent power to control their dockets.  *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  To keep the wheels turning, courts must set schedules and hold parties to those scheduling orders.  Like all litigants, appellant was bound by the court's order.  Allowing her to now go against that order—particularly where she already sought and received clarification from the Bankruptcy Court about the order—would not serve the public interest.

## CONCLUSION

For the reasons stated herein, appellant's motion for a temporary restraining order, ECF 3, is DENIED.

IT IS SO ORDERED.

DATED this 8th day of April, 2026.

Adrienne Nelson
United States District Judge

4